UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 93-20027-BC

JAMES ERWIN,

    Defendant.
                                                           /

**ORDER DENYING DEFENDANT'S "MOTION FOR RECONSIDERATION" AND DENYING AS MOOT DEFENDANT'S "MOTION REQUESTING EXTENSION OF TIME TO SUBMIT REPLY TO PLAINTIFF'S BRIEF"**

Before the court is Defendant James Erwin's April 17, 2006 "Motion for Reconsideration," asking the court to modify the payment schedule of his fine, so as to set his payment schedule at $10 per month. Also before the court is Defendant's April 10, 2006 "Motion Requesting Extension of Time to Submit Reply to Plaintiff's Brief."[1]

In its April 5, 2006 order the court determined that it was "better that a defendant continue to work and pay, at least incrementally, while imprisoned" and approved of the Inmate Financial Responsibility program administered by the Bureau of Prisons being applied in this case. (4/05/06 Order at 1.)

Pursuant to 18 U.S.C. § 3572(c), a "judgment that includes [a fine] is a final judgment for all other purposes." 18 U.S.C. § 3572(c). Despite Defendant's persistence

---

[1] In his April 10, 2006 motion, Defendant requests an extension of time to submit a reply brief in further support of his "Motion Requesting Court to Modify Its Judgment with Respect to Payment of Fine." (Def.'s Mot. at 1.) Inasmuch as the court ruled on Defendant's motion on April 5, 2006, the motion will be denied as moot.

in arguing his point,[2] he has produced no additional evidence or reason that any of the enumerated exceptions under the terms of § 3572 would allow Defendant, on his own petition, to obtain the relief he seeks here. Defendant notes that the Government, in its response to his original motion, requested that the court defer the payment of the fine until Defendant is released from prison. (*See* Def.'s Mot. at 2.).

Even if the court were to concede, however, that the Government's position on deferment, not payment amount, would support Defendant's current request, this does not change the court's original determination. The court previously acknowledged the Government's proposal that Defendant's payment of his fine be deferred. The court rejected Defendant's (and the Government's) request because it thought, and continues to think, that its previous determination concerning Defendant's fine was correct. The court continues to approve of the Inmate Financial Responsibility program being applied in this case. *See Weinberger v. United States*, 268 F.3d 346, 361 (6th Cir. 2001) (holding that a court may properly delegate the scheduling of restitution payments under the Inmate Financial Responsibility Program).

Accordingly, IT IS ORDERED that Defendant's motion for reconsideration [Dkt. # 99] is DENIED. IT IS FURTHER ORDERED that Defendant's "Motion Requesting Extension of Time to Submit Reply to Plaintiff's Brief" [Dkt. # 98] is DENIED AS MOOT.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

---

[2]On March 6, 2006, Defendant filed his "Motion Requesting Court to Modify Its Judgment with Respect to Payment of Fine," which in part advanced the same argument and requested the same relief.

Dated: June 29, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2006, by electronic and/or ordinary mail.

                                        S/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522

S:\Cleland\JUDGE'S DESK\Odd Orders\93-20027.ERWIN.DenyingMotionforReconsideration.wpd